**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TRACIE PATE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 12-00513-KD-C** |
| | ) | |
| **INFIRMARY HEALTH SYSTEMS, INC.,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on the Motion for Summary Judgment (Doc. 25) and

supporting materials (Docs. 26-27) filed by Defendant Infirmary Health Systems, Inc.

("Infirmary Health")[1] pursuant to Federal Rule of Civil Procedure 56, along with the Response

(Doc. 31) of Plaintiff Tracie Pate ("Pate").  The Infirmary moves for summary judgment in its

favor on all of Pate's claims in this action.  Upon consideration, and for the reasons set forth

herein, the Court finds that the motion is due to be **GRANTED**.

**I.      Procedural History**

On August 16, 2012, Pate filed a Complaint (Doc. 1) with the Court, alleging violations

by Infirmary Health, her former employer, of the Rehabilitation Act of 1973, as amended, 29

U.S.C. § 701 *et seq.* (Count I), the Americans with Disabilities Act of 1990 ("ADA")[2], as

---

[1] Infirmary Health asserts that it has been incorrectly named in the Complaint and that it should be
identified as Infirmary Health Hospitals, Inc. d/b/a Infirmary West.

[2] "Under the ADA, a plaintiff must comply with the same procedural requirements to sue that exist under
Title VII.  42 U.S.C. § 12117(a).  Under Title VII, a plaintiff must bring suit within 90 days of receiving a
right-to-sue letter from the EEOC.  42 U.S.C. § 2000e–5(f)(1).  Dismissal is appropriate when the
plaintiff fails to file her lawsuit within 90 days of receiving a right-to-sue letter, unless she shows that the
delay was through no fault of her own.  Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339–41 (11th
Cir. 1999)."  Bryant v. U.S. Steel Corp., 428 F. App'x 895, 897 (11th Cir. 2011).  Pate alleges that she
"has satisfied all EEOC administrative prerequisites prior to filing this action."  (Doc. 1 at 2, ¶ 3).
Though Infirmary Health denies this allegation in its Answer (Doc. 10 at 1), it does not further contest
this issue.  Accordingly, the Court will assume all EEOC administrative prerequisites to be met.  See id.
(only "[o]nce the defendant contests the issue" does "the plaintiff bear[] the burden of establishing that
she filed her claim within 90 days of receiving the notice." (citing Green v. Union Foundry Co., 281 F.3d
1229, 1234 (11th Cir. 2002)).

amended, 42 U.S.C. § 12101 *et seq.* (Count II), and the Family and Medical Leave Act of 1993

("FMLA"), as amended, 29 U.S.C. § 2601 *et seq.* (Count III).[3]  Infirmary Health filed its Answer

(Doc. 10) on November 13, 2012, denying any liability.

On July 29, 2013, Infirmary Health filed the present motion for summary judgment and

supporting materials.  (Docs. 25-27).  A briefing schedule was set (Docs. 28, 30), and Pate timely

filed her Response (Doc. 31), the entirety of which reads:

> COMES NOW the Plaintiff and moves this court to respond to Defendant's
> summary judgment and as grounds shows as follows:
>
> 1. Plaintiff has reviewed the motion, brief, and filings, and submits the argument
> on the bankruptcy estoppel is well-taken.

Infirmary Health has not filed a reply to the Response.   The motion for summary

judgment is now under submission and is ripe for adjudication.

## II.      Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  Rule 56(c) governs procedures and provides as follows:

> **(1)  *Supporting Factual Positions.*** A party asserting that a fact cannot be or is
> genuinely disputed must support the assertion by:
> (A)  citing to particular parts of materials in the record, including
>       depositions, documents, electronically stored information, affidavits
>       or declarations, stipulations (including those made for purposes of
>       the motion only), admissions, interrogatory answers, or other
>       materials; or
> (B)  showing that the materials cited do not establish the absence or
>       presence of a genuine dispute, or that an adverse party cannot
>       produce admissible evidence to support the fact.

---

[3] Accordingly, the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331
(federal question).

    **(2)** ***Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    **(3)** ***Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.

    **(4)** ***Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The mere existence of a factual dispute will not automatically necessitate denial; rather, only factual disputes that are material preclude entry of summary judgment. Lofton v. Sec'y of Dep't of Children & Family Servs., 358 F.3d 804, 809 (11th Cir. 2004).

In light of Pate's Response (Doc. 31), the Court construes Infirmary Health's motion as unopposed. Specifically, Local Rule 7.2(b) for the Southern District of Alabama requires a party responding to a Rule 56 motion to specify the disputed facts, if any, and that failure to do so will be interpreted as an admission that there is no material factual dispute:

    Within thirty (30) days…[of the filing of a motion for summary judgment] or as may be otherwise ordered, the party or parties in opposition shall file a brief in opposition thereto, and, if it is contended that there are material factual disputes, shall point out the disputed facts appropriately referenced to the supporting document or documents filed in the action. Failure to do so will be considered an admission that no material factual dispute exists; provided, that nothing in this rule shall be construed to require the non-movant to respond in actions where the movant has not borne its burden of establishing that there is no dispute as to any

material fact.

S.D. ALA. L.R. 7.2(b).  Because Pate has failed to point out any disputed facts, her "[f]ailure to do so will be considered an admission that no material factual dispute exists."  L.R. 7.2(b).  See, e.g., Patton v. City of Hapeville, Ga., 162 F. App'x 895, 896 (11th Cir. 2006)[4] (providing that "the district court properly held that the defendants' statement of undisputed facts filed with their motion for summary judgment were admitted when Patton failed to respond to the statement of facts in accordance with the Federal Rules of Civil Procedure and the Local Rules[]").

Nevertheless, the Court notes that the "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving party."  Dixie Stevedores, Inc. v Marinic Maritime, Ltd., 778 F.2d 670, 673 (11th Cir. 1985).  Instead, "Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact."  Id.  In United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Florida, 363 F.3d 1099 (11th Cir. 2004), the Eleventh Circuit held that "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion," Id. at 1101, and noted the provision in Fed. R. Civ. P. 56(e) that when "'the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.'"  Id. at 1101 (emphasis in original); see also Trustees of the Central Pension Fund of the Int'l Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc., 374 F.3d 1035, 1040 (11th Cir. 2004) (vacating and remanding the district court's grant of summary judgment, in part, "[b]ecause summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment").

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2 (effective Aug. 1, 2012).

4

### III.    Facts

Pate and her husband jointly filed for Chapter 13 bankruptcy on March 11, 2011, in the United States Bankruptcy Court for the Southern District of Alabama, Case No. 11-00962.  (Doc. 26-12; Doc. 26-14).  Section 4(a) of the "Statement of Financial Affairs" portion of the Chapter 13 petition, requires that the debtor "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of th[e] bankruptcy case."  (Doc. 26-14 at 41).  "Married debtors filing  under . . . chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed . . ."  (Id.). To this, the Pates answered "none."  (Id.).

Pate commenced this action on August 16, 2012.  (Doc. 1).  However, Pate did not amend her Chapter 13 petition to include the action in her Statement of Financial Affairs.  (Doc. 26-12).  On January 7, 2013, the Pates were granted leave to convert their bankruptcy petition to one for Chapter 7 bankruptcy.  (Id. at 8-9).  The Pates then filed their Chapter 7 petition on January 25, 2013.  (Doc. 26-13)  In Section 4(a) of the Chapter 7 petition's "Statement of Financial Affairs," the Pates listed only a pending action against Pate in the Small Claims Court of Mobile County, Alabama.  (Id. at 49).  No actions against Infirmary Health, including the present action, were listed.  (Id.).  The Pates received a Chapter 7 discharge on May 13, 2013. (Doc. 26-12 at 10; Doc. 26-1 at 19, p. 113).

The "Statements of Financial Affairs" for both the Chapter 13 and Chapter 7 petitions were submitted to the bankruptcy court by Pate as being "true and correct" "under penalty of perjury . . ."  (Doc. 26-14 at 3, 47; Doc. 26-13 at 3, 55).

### IV.    Analysis

*Inter alia*, Infirmary Health argues that, because Pate never disclosed this action in her

bankruptcy proceeding, she is judicially estopped from pursuing her claims.  Pate responds that "the argument on the bankruptcy estoppel is well-taken."  (Doc. 31 at 1).

"The purpose of judicial estoppel is 'to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment.' " Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir. 2010)[5] (quoting New Hampshire v. Maine, 532 U.S. 742, 749 (2001)).  "Specifically, judicial estoppel is designed to 'prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the party in a previous preceding.' "  Id. (quoting 18 Moore's Federal Practice § 134.30 (3d ed. 2008)).

> The seminal case in the Eleventh Circuit on the theory of judicial estoppel is Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002) . Incorporating the standards enumerated by the Supreme Court, Burnes outlined two primary factors for establishing the bar of judicial estoppel. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." Id. at 1285. Burnes recognized that these factors are not exhaustive; rather, courts must always give due consideration to the circumstances of the particular case. See id.

Id.

Unlike general grants of summary judgment, a "district court's application of judicial estoppel [is reviewed ]for abuse of discretion."  Id. (citing Talavera v. School Bd. of Palm Beach County, 129 F.3d 1214, 1216 (11th Cir. 1997).

### a.    Inconsistent Positions

A bankruptcy debtor takes "inconsistent positions under oath []if she had a continuing duty to disclose changes in her bankruptcy asset schedule."  Id. at 1274.  The Eleventh Circuit

> has emphasized the importance of full and honest disclosure in bankruptcy proceedings, stating that it is "crucial" to the system's "effective functioning." [Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002)]. A

---

[5] Infirmary Health relies primarily on Robinson in arguing for judicial estoppel.

debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court. 11 U.S.C. §§ 521(1), 541(a)(7). "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather the debtor must amend [her] financial statements if circumstances change." Burnes, 291 F.3d at 1286. This duty applies to proceedings under Chapter 13 and Chapter 7 alike because "any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies." De Leon v. Comcar Industries, Inc., 321 F.3d 1289, 1291 (11th Cir. 2003).

Id.

"It is undisputed that a pending lawsuit seeking monetary compensation qualifies as an asset."[6] Id. (citing Parker v. Wendy's Intern., Inc., 365 F.3d 1268 (11th Cir. 2004)). "It is also undisputed that such an asset qualifies as property of the bankruptcy estate." Id. (citing 11 U.S.C. § 1306 and Waldron v. Brown, 536 F.3d 1239, 1242 (11th Cir. 2008)). As a result, when Pate "filed her claim against [Infirmary Health] while her bankruptcy was still pending, the claim vested in the bankruptcy estate and [Pate] had a duty to notice the suit to all creditors." Id. at 1274-75. However, Pate never did this, either by amending her Chapter 13 petition after this action was filed or by disclosing it on her Chapter 7 petition, filed while this action was pending. "By failing to update her bankruptcy schedule to reflect her pending claim, [Pate] represented that she had no legal claims to the bankruptcy court while simultaneously pursuing her legal claim against [Infirmary Health] in the district court. These actions, both taken under oath, are clearly inconsistent. Therefore, . . . [Pate] took inconsistent positions under oath and the issue of judicial estoppel centers on her intent." Id. at 1275.

### b.    Intent to Make a Mockery of the Judicial System

When considering a party's intent for the purpose of judicial estoppel, [the Eleventh Circuit] require[s] "intentional contradictions, not simple error or inadvertence." Am. Nat'l Bank of Jacksonville v. FDIC, 710 F.2d 1528, 1536 (11th Cir. 1983). "In considering judicial estoppel for bankruptcy cases, the

---

[6] Pate seeks only monetary damages in this action, except in Count I (discussed *infra*, n.8).

7

> debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Barger v. City of Cartersville, 348 F.3d 1289, 1295-96 (11th Cir. 2003).[ ]While an estopped party's contradiction must be intentional, such intent may be inferred from the record. Burnes, 291 F.3d at 1285.

Id. 1275.

Sufficient, unchallenged evidence has been presented from which the Court can infer intent by Pate to conceal this action from her creditors in her bankruptcy action.  Not only did Pate fail to amend her previously filed Chapter 13 petition to include this action, she again failed to disclose this action in her Chapter 7 petition, filed while this action was pending.[7]  Thus, it cannot be argued that, at the very least when she filed her Chapter 7 petition, she was quite aware of her claims in this action.

It is even more telling that, while not disclosing this action on her Chapter 7 petition, she did disclose a pending lawsuit in which she was being sued.    As Infirmary Health sums it up, Pate "made known her liability, while concealing her potential asset."  (Doc. 27 at 7).  See Robinson, 595 F.3d at 1276 ("[T]he district court found Robinson had a motive to conceal her claims in order to keep any settlement proceeds and this finding was reasonable on the record presented.").  Thus, the Court can infer from this a motive to conceal this action so as to keep any resulting proceeds for herself while receiving a discharge of liabilities to her creditors.  Cf. Marable v. Marion Military Inst., 906 F. Supp. 2d 1237, 1248 (S.D. Ala. 2012) (Granade, J.)

---

[7] Cf. Robinson, 595 F.3d at 1276 ("The district court recognized that this was not Robinson's first mistake regarding her bankruptcy proceedings. Robinson failed to disclose her pending worker's compensation claim against Drummond Coal when she initially declared bankruptcy in 2002. Specifically asked if she had any pending claims, Robinson checked "NONE." Robinson has presented no explanation as to why she failed to disclose this claim to the bankruptcy court. The district court found this intentional omission constituted additional evidence of Robinson's intent to conceal claims and such an inference is not clearly mistaken.").

("Marable not only failed to amend his Petition after the EEOC issued a right to sue letter on April 6, 2011, but he also waited more than *two weeks* after MMI raised the issue of judicial estoppel in its summary judgment motion before finally amending the Petition.[] Furthermore, Marable appeared to gain an advantage when he failed to list his EEOC claim on his Debtor's Schedule because, by omitting the claim, he could keep any proceeds resulting from his claim for himself and not have them become part of the bankruptcy estate. See Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1296 (11th Cir. 2003); see also Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1275 (11th Cir. 2010)." (some citations omitted)).

Accordingly, because Pate seeks only monetary damages,[8] the Court finds that she is judicially estopped from pursuing her claims in this action.[9] Therefore, Infirmary Health's motion for summary judgment is due to be **GRANTED**.

### IV.    Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Defendant Infirmary Health's Motion for Summary Judgment (Doc. 25) is **GRANTED** and that this action be

---

[8]     "The doctrine of judicial estoppel applies only to []claims for monetary damages, and does not bar []claims for injunctive relief." Marable, 906 F. Supp. 2d at 1249 (citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1289 (11th Cir. 2002), and Casanova v. Pre Solutions, Inc., 228 F. App'x 837, 841 (11th Cir. 2007)).

Pate requests as relief in Count I (Rehabilitation Act claims), in addition to monetary damages, "[a] finding that the Defendant has violated the Plaintiffs rights under the Rehabilitation Act on the basis of her disability, and ordering the Defendant to make appropriate compliance changes." (Doc. 1 at 4). In light of Pate's Response to the motion for summary judgment, however, the Court deems this requested relief to have been abandoned. Alternatively, the Court finds that Pate has not rebutted Infirmary Health's assertion that "there is no evidence Defendant receives federal funding so as to be subject to the Rehabilitation Act." (Doc. 27 at 8 n.1). See Shotz v. Am. Airlines, Inc., 323 F. Supp. 2d 1315, 1317 (S.D. Fla. 2004) aff'd, 420 F.3d 1332 (11th Cir. 2005) ("The Rehabilitation Act prohibits discrimination against any qualified handicapped individual under 'any program or activity receiving *Federal financial assistance.*' 29 U.S.C. § 794(a) (emphasis added).").

[9] As such, the Court need not address Infirmary Health's arguments as to the merits of Pate's claims.

**DISMISSED with prejudice.**[10]

Final judgment in accordance with this Order shall issue by separate document.

**DONE** and **ORDERED** this the **17**th day of **September 2013**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[10] See Otter v. Northland Grp., Inc., No. 12-2034-RSM, 2013 WL 2243874, at *4 (W.D. Wash. May 21, 2013) ("Since the application of judicial estoppel acts as an absolute bar to plaintiff's claim, . . . the complaint is dismissed with prejudice.").